**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

KEITH D. GREENWOOD,

      :

    Petitioner,                         Case No. 3:05-cv-078

      :                  District Judge Thomas M. Rose

    -vs-                              Chief Magistrate Judge Michael R. Merz

STATE OF OHIO,

      :

    Respondent.

---

**REPORT AND RECOMMENDATIONS**

---

This habeas corpus case, brought *pro se* by Petitioner Keith Greenwood, is ripe for decision on the merits.

Petitioner pleads two grounds for relief.

> **Ground One:** Ineffective Assistance of Counsel.
>
> **Supporting Facts:** Counsel never raised the main issue which is the illegal search of the luggage bag found in the trunk of the vehicle. Counsel knew from the beginning that appellant was placed in the back of Sgt. Hamlin's locked police cruiser after being patted down (no weapons were found).  Then the police searched a luggage bag without a search warrant or any exigent circumstances.  Counsel never brought these [sic] issue to light in any argument and they were all brought up at the suppression hearing and the trial, but not in an argument that would have favored the Appellant.
>
> **Ground Two:** Illegal Search and Seizure
>
> **Supporting Facts:** The officer searched the luggage bag without a search warrant, and without any exigent circumstances.  The officers patted the appellant down (no weapons was [sic] found), then  the appellant was placed in the back of a locked police cruiser.  At this

> point all exigent circumstances were removed.  The officers made no attempt to get the proper judicial approval to search the luggage bag and decided to search it any way.

(Petition, Doc. No. 1 at 6-7.)

The basic facts of Petitioner's case are set forth in the Opinion of the Montgomery County Court of Appeals affirming the conviction on direct appeal:

> While on patrol with his K-9 dog, Kain, Clayton Police Officer Brandon Combs observed Greenwood run a red light. Combs then followed Greenwood and noticed a marked-lanes violation. As a result, he reported Greenwood's license plate number to the dispatcher and initiated a traffic stop. Upon approaching the stopped vehicle, Combs noted that Greenwood's hands were shaking, he was short of breath, and he avoided eye contact. Greenwood also fumbled nervously through his paperwork and dropped a proof-of-insurance document.
>
> Greenwood informed Combs that he was traveling from Arizona to visit a cousin because there had been a death in the family. He added that he did not know exactly where he was going but knew that he was close. As he interacted with Greenwood, Combs noted marijuana leaves and seeds on the front passenger seat and floorboard. While awaiting information from the dispatcher, Combs had Kain perform a drug sniff on the stopped vehicle. Kain alerted on the trunk and on the passenger side near where Combs had observed the marijuana. Combs then opened the trunk and found a large quantity of crack cocaine and approximately $5, 000 inside a suitcase.
>
> Greenwood subsequently was indicted on one count of possessing more than one-hundred grams of crack cocaine with a major-drug-offender specification. He filed an unsuccessful motion to suppress, and the matter proceeded to trial before a jury on February 3-4, 2003. After the jury found Greenwood guilty, the trial court imposed a mandatory ten-year prison sentence.

(Opinion and Final Entry, Return of Writ (Doc. No. 6) Exhibit 10 at 2-3.)

As a matter of procedural history, Mr. Greenwood filed a pre-trial suppression motion regarding the search which turned up the crack cocaine.  Having lost that motion, he raised its denial

on appeal, along with an assignment of error claiming ineffective assistance of counsel.  He did not

appeal from the Court of Appeals affirmance, but did file a timely Application for Reopening the

direct appeal under Ohio App. R. 26(B) and later appealed from denial of reopening to the Ohio

Supreme Court, which declined to hear the case.  Mr. Greenwood then timely[1] filed his Petition for

habeas corpus in this Court.

**First Ground for Relief: Ineffective Assistance of Counsel:**

In his First Ground for Relief, Petitioner argues that his trial attorney, William Knapp,

provided ineffective assistance of counsel in the way he argued the motion to suppress in this case.

The governing standard for effective assistance of counsel is found in *Strickland v.*

*Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so
> defective as to require reversal of a conviction or death sentence has
> two components.  First, the defendant must show that counsel's
> performance was deficient.  This requires showing that counsel was
> not functioning as the "counsel" guaranteed the defendant by the
> Sixth Amendment.  Second, the defendant must show that the
> deficient performance prejudiced the defense.  This requires showing
> that counsel's errors were so serious as to deprive the defendant of a
> fair trial, a trial whose result is reliable.  Unless a defendant makes
> both showings, it cannot be said that the conviction or death sentence
> resulted from a breakdown in the adversary process that renders the
> result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential.

---

[1]The Respondent does not claim the Petition is barred by the statute of limitations.

> . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

> As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F. 3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F. 2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Although his trial attorney filed and argued a motion to suppress, Petitioner asserts he was ineffective for failure to argue it in the correct way. As noted in the Court of Appeals opinion excerpt above, Mr. Greenwood was stopped for two traffic violations by a K-9 officer who conducted a drug sniff of Petitioner's car after seeing marijuana stems and leaves in plain view in the passenger compartment. Having opened the trunk, he saw no contraband in plain view. He proceeded to open a luggage bag and therein found the crack cocaine which Petitioner was convicted of possessing. Petitioner contends the motion to suppress should have been argued in terms of the unconstitutionality of opening the luggage bag without a search warrant, given that he was already in a locked police cruiser away from the bag, relying on *Arkansas v. Sanders*, 442 U.S. 753, 99 S.

Ct. 2586; 61 L. Ed. 2d 235 (1979).

Review of the record indicates that the illegality of extending the search to the luggage bag

was argued to and considered by the Common Pleas Court in dealing with the motion to suppress.

Judge Tucker wrote:

> Extending the search to the suitcase found in the trunk did not violate the Fourth Amendment. The United States Supreme Court, in United States v. Ross (1982), 456 U.S. 798, 102 S. Ct. 2157, ruled that the scope of a warrantless search under the automobile exception includes everything in the vehicle which could contain the item being sought. The suitcase could, obviously, have contained marijuana, and, accordingly, the search of the suitcase was appropriate.

(Decision, Entry, and Order Overruling Defendant's Motion to Suppress, Exhibit 5 to Return of Writ

at 3-4.)

Other aspects of the motion to suppress were also vigorously argued, including the length

of detention and, particularly, the credentials of the drug dog used in the case (Defendant's Brief on

Motion to Suppress, Exhibit 2 to Return of Writ).  It is true that trial counsel did not cite *Arkansas*

*v. Sanders, supra*, in his Brief.

However, failure to cite *Arkansas v. Sanders* was not deficient performance because the

Supreme Court has expressly overruled that case in *California v. Acevedo*, 500 U.S. 565, 579-580

(1991), where the Court wrote:

> Sanders was explicitly undermined in Ross, 456 U.S. at 824, and the existence of the dual regimes for automobile searches that uncover containers has proved as confusing as the Chadwick and Sanders dissenters predicted. We conclude that it is better to adopt one clear-cut rule to govern automobile searches and eliminate the warrant requirement for closed containers set forth in Sanders.

> VI

The interpretation of the Carroll doctrine set forth in Ross now applies to all searches of containers found in an automobile. In other words, the police may search without a warrant if their search is supported by probable cause. The Court in Ross put it this way:

"The scope of a warrantless search of an automobile . . . is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found." 456 U.S. at 824.

It went on to note: "Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab." Ibid. We reaffirm that principle. In the case before us, the police had probable cause to believe that the paper bag in the automobile's trunk contained marijuana. That probable cause now allows a warrantless search of the paper bag. The facts in the record reveal that the police did not have probable cause to believe that contraband was hidden in any other part of the automobile and a search of the entire vehicle would have been without probable cause and unreasonable under the Fourth Amendment.

Our holding today neither extends the Carroll doctrine nor broadens the scope of the permissible automobile search delineated in Carroll, Chambers, and Ross. It remains a "cardinal principle that searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions.'" Mincey v. Arizona, 437 U.S. 385, 390, 57 L. Ed. 2d 290, 98 S. Ct. 2408 (1978), quoting Katz v. United States, 389 U.S. 347, 357, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967) (footnotes omitted). We held in Ross: "The exception recognized in Carroll is unquestionably one that is 'specifically established and well delineated.'" 456 U.S. at 825.

Until today, this Court has drawn a curious line between the search of an automobile that coincidentally turns up a container and the search of a container that coincidentally turns up in an automobile. The protections of the Fourth Amendment must not turn on such coincidences. We therefore interpret Carroll as providing one rule to govern all automobile searches. The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.

500 U.S. at 579-580.  Thus the distinction between searching the trunk and searching the bag found

in the trunk on which the Petitioner relies, even if that distinction was supported by *Arkansas v.*

*Sanders*, was no longer the controlling Fourth Amendment law long before Petitioner's arrest and

search.  It was not ineffective assistance of counsel for Mr. Knapp not to rely on *Arkansas v.*

*Sanders*.  Petitioner's First Ground for Relief should be denied on the merits.

Petitioner's First Ground for Relief is also procedurally defaulted.

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an adequate and independent state
> procedural rule, federal habeas review of the claims is barred unless
> the prisoner can demonstrate cause of the default and actual prejudice
> as a result of the alleged violation of federal law; or demonstrate that
> failure to consider the claims will result in a fundamental miscarriage
> of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also*

*Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal

habeas a federal constitutional right he could not raise in state court because of procedural default.

*Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977);  *Engle v. Isaac*, 456 U.S.

107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).  Absent cause and prejudice, a federal habeas petitioner

who fails to comply with a State's rules of procedure waives his right to federal habeas corpus

review.  *Boyle v. Million*, 201 F. 3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485,

106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986);  *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d

783 (1982);  *Wainright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

*Wainright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9

L. Ed. 2d 837 (1963).

To the extent that Mr. Knapp failed to rely on *Arkansas v. Sanders* in arguing the motion to

suppress, his failure was evident on the face of the record – the Court of Appeals had before it his Brief on the Motion to Suppress which does not cite *Arkansas v. Sanders*. Mr. Greenwood was represented on appeal by Mr. Alan Gabel, who is not associated in the practice of law with Mr. Knapp and thus was obliged to raise Mr. Knapp's ineffectiveness if it was going to be argued. Mr. Gabel did present an assignment of error claiming that Mr. Knapp was ineffective, but it did not argue the *Arkansas v. Sanders* point (see Appellant's Brief, Exhibit 8 to Return of Writ, at 16).

Petitioner attempts to excuse the procedural default in not raising this claim on direct appeal by claiming that he received ineffective assistance of appellate counsel from Mr. Gabel when Mr. Gabel did not raise this point. Ineffective assistance of appellate counsel can constitute cause and prejudice to excuse a procedural default, but that claim must first be raised and litigated in the state courts. *Edwards v. Carpenter,* 529 U.S. 446, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000). Mr. Greenwood presented his claim of ineffective assistance of appellate counsel to the Montgomery County Court of Appeals by way of a timely Application for Reopening under Ohio R. App. P. 26(B) (Return of Writ, Exhibit 11) in which he argued, *inter alia*, the *Arkansas v. Sanders* point.

In overruling the Application for Reopening, the Court of Appeals concentrated on the other issues which had been raised, particularly the presence *vel non* of marijuana "shake" in the passenger compartment (Decision and Entry of August 13, 2004, Return of Writ, Exhibit 13). The Court did not expressly address the *Arkansas v. Sanders* point. Nevertheless, because *Arkansas v. Sanders* had been expressly overruled as noted above, it would certainly not have been a "dead bang winner" for Mr. Gabel to rely on it in accusing Mr. Knapp of ineffective assistance of counsel. Since Mr. Gabel did not in this respect provide ineffective assistance of appellate counsel, that claim cannot be used to excuse the procedural default in presenting the *Arkansas v. Sanders* argument on

direct appeal.  Therefore, in addition to being without merit, Petitioner's First Ground for Relief is barred by procedural default.

**Second Ground for Relief: Denial of the Motion to Suppress**

Respondent correctly asserts that this Court cannot reach the merits of Petitioner's Second Ground for Relief.  Federal habeas corpus relief  is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.  *Stone v. Powell,* 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).  *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does.  The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits.  *Riley v. Gray*, 674 F. 2d 522 (6th Cir. 1982).  The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.  In this case Mr. Greenwood was given the full and fair opportunity to litigate

contemplated by *Powell.* The motion to suppress was properly heard pre-trial, the evidence was transcribed and preserved for appeal, and he had an opportunity to litigate the matter on appeal. Indeed, Petitioner makes no reply to Respondent's *Stone v. Powell* argument, which is well taken. Ground Two should be dismissed.

### Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice.

December 10, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).