**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

KEITH D. GREENWOOD,
:
    Petitioner,                                            Case No. 3:05-cv-078

:                         District Judge Thomas M. Rose
   -vs-                                       Chief Magistrate Judge Michael R. Merz

STATE OF OHIO,
:
    Respondent.

---

**DECISION AND ORDER DENYING MOTIONS TO AMEND, TO STAY. AND FOR APPOINTMENT OF COUNSEL**

---

This habeas corpus case is before the Court on Petitioner's Motions to Amend the Petition, to Stay further proceedings pending exhaustion of new claims in the state courts, and for Appointment of Counsel (Doc. Nos. 16, 17).

Petitioner filed the Petition herein on February 24, 2005 (Doc. No. 1). Respondent answered on May 31, 2005 (Doc. No. 6). Petitioner had been granted leave to file a traverse (now properly called a "reply." See Rule 5(e), Rules Governing §2254 Cases) and eventually filed one more than six months after the Answer (See Doc. No. 13). Once the case became ripe, the Magistrate Judge recommended that the Petition be dismissed with prejudice in that the first ground for relief, ineffective assistance of trial counsel, was without merit and procedurally defaulted and the second ground for relief – invalid search – was not cognizable in federal habeas corpus because the state proceeding to test that question had been full and fair (Report and Recommendations, Doc. No. 14).

At his request (See Doc. No. 15), Petitioner has been given nearly two months in which to

object to the Report and Recommendations. Instead, he has filed the instant Motions. He has not tendered an amended habeas petition, but indicates he wishes to raise the following grounds for relief:

> 1) Appellant was deprived of his constitutional right to freedom from unreasonable search and seizure and was further deprived of Due Process through the trial court's failure to suppress evidence gained against him in violation of his constitutional rights.
>
> 2) Appellant was denied his constitutional right to Due Process and Fundamental fairness under the fifth and fourteenth amendments to the United States Constitution.
>
> 3) The weight and sufficiency of the evidence are insufficient to support Petitioner's conviction.
>
> 4) Petitioner was deprived of his constitutional right to an impartial jury.
>
> 5) Petitioner was Deprived of a fair trial through prosecutorial misconduct.
>
> 6) The Trial Court Erred in Providing an improper jury instruction.
>
> 7) Petitioner was denied his constitutionally guarnteed [sic] right to effective assistance of counsel.
>
> 8) Petitioner was deprived of his right to a fair trial through the Courts improper evidentiary ruling.
>
> 9) The trial Courts failed to conduct a proper sentencing hearing.
>
> 10) The cumulative effect of the errors occurring at trial deprived petitioner of a fair trial.

(Memorandum in Support, Doc. No. 17-3 at 4). As stated in the Memorandum in Support, these ten new grounds for relief are not supported by any argument or even any explanation of, for example, what prosecutorial misconduct occurred, what jury instruction was improper, what evidentiary ruling was improper, etc. Apparently Petitioner contemplates providing that detail when an actual

amended habeas petition is filed.

Under Rule 11 of the Rules Governing §2254 Cases, the Federal Rules of Civil Procedure apply to habeas corpus cases unless a statute or the habeas rules themselves otherwise provide. The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 93 S. Ct. 227, 9 L. Ed. 2d 222 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F. 2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F. 2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F. 2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F. 2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F. 2d 21, 23 (6th Cir. 1980).

Petitioner's Motion to Amend is denied because the proposed amendments would be futile. Although his original Petition was timely filed (See Report and Recommendations, Doc. No. 14 at n. 1.), the one-year statute of limitations has long since expired, as Petitioner recognizes in his Motion. Amendments made now would be timely only if they "relate back" to the original claims

made. Fed. R. Civ. P. 15(c)(2). A claim in an amended petition does not relate back to the original date of filing under Fed. R. Civ. P. 15(c)(2) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Mayle v. Felix*, ___ U.S. ___, 125 S. Ct. 2562; 162 L. Ed. 2d 582 (2005). The Supreme Court held that the relation back doctrine will only apply to newly-added claims which share a "common core of operative facts" with claims which have been timely made. It interpreted the "conduct, occurrence, or transaction" language of Rule 15(c)(2) to refer to the facts giving rising to a particular habeas corpus claim, rather than to the trial and eventual conviction which are being attacked in the habeas proceeding. It expressly held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Petitioner admits that most of his claims "are related, but not directly to the original complaint." (Memorandum in Support, Doc. 17-3 at 1). Because the new claims are stated in conclusory fashion, the Court cannot be certain, but it appears only new claims 1 and 7 could be related to the original claims within the meaning of *Mayle v. Felix*.

Recognizing the problem under *Mayle v. Felix*, Petitioner seeks equitable tolling to excuse the delay in seeking an amendment. He alleges that he was in transit between Ohio prisons and federal institutions in Missouri for most of 2003-2004 and then was back in federal custody from May until November, 2005. In determining whether equitable tolling is appropriate, courts in the Sixth Circuit follow the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), in which the court "specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement;

-4-

(2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000)." *Dunlap, v. United States*, 250 F. 3d 1001 (6th Cir. 2001). This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases. *Miller v. Collins*, 305 F. 3d 491 (6th Cir. 2002). "Absence of prejudice is to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F. 3d 396 (6th Cir. 2004), *quoting Vroman v. Brigano*, 346 F. 3d 598, 605 (6th Cir. 2003). "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F. 3d 396 (6th Cir. 2004), *quoting Rose v. Dole*, 945 F. 2d 1331, 1335 (6th Cir. 1991).

The burden is on the petitioner to demonstrate that he is entitled to equitable tolling. *Allen v. Yukins,* 366 F. 3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F. 3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), citing *Graham Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. See also *McClendon v. Sherman*, 329 F. 3d 490 (6th Cir. 2003).

The Court finds that Petitioner is not entitled to equitable tolling in this case. He does not assert that he was ignorant of the filing deadline and indeed filed his original Petition within the one-year statute and almost a year ago. His delay in adding new claims is really unexplained except by

his lack of understanding of the constitutional bases he could assert for habeas corpus relief. He quite correctly points out that the law has a language all its own and that learning it takes time and study. But the same thing could be said by anyone who has not studied law prior to being convicted of a criminal offense. To put it another way, if ignorance of the applicable substantive constitutional law were sufficient to allow equitable tolling, the statute of limitations would be meaningless, because learning the constitutional law of criminal procedure can take a lifetime or at least a full legal career.

In addition to the statute of limitations bar, Petitioner faces a procedural default bar. Because the claims are stated in conclusory fashion, the Court cannot be certain of this, but it appears that most or all of these new claims could have been raised on direct appeal but were not. To excuse that default, Ohio criminal defendants have available a motion for reopening under Ohio R. App. P. 26(B) to show ineffective assistance of appellate counsel. But Petitioner has already unsuccessfully attempted such a motion and Ohio law does not allow successive motions under that Rule. Ohio App. R. 26(B) makes no provision for successive applications. *State v. Richardson,* 74 Ohio St. 3d 235, 658 N.E. 2d 273 (1996). Indeed, "there is no right to file successive applications for reopening" under App. R. 26(B). *State v. Twyford,* 106 Ohio St. 3d 176 (2005), quoting *State v. Williams,* 89 Ohio St. 3d 179, 790 N.E. 2d 299, ¶ 12 Once the issue of ineffective assistance has been raised and adjudicated, *res judicata* bars its relitigation, *State v. Cheren,* 73 Ohio St. 3d 137, 652 N.E. 2d 707 (1995), following *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). Because Petitioner had procedurally defaulted in presenting these new claims in the Ohio courts, he cannot present them here. *Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

Because the amendment Petitioner seeks to make would be futile, the Motion to Amend is DENIED. That ruling renders the request for a stay of proceedings to permit exhaustion in the state courts moot.

Under 18 U.S.C. §3006A, counsel are required to be appointed in habeas corpus cases only if an evidentiary hearing is required. Since no such hearing has been requested or ordered here, the Motion for Appointment of counsel is denied.

February 14, 2006.

s/ **Michael R. Merz**
Chief United States Magistrate Judge