# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

KEITH D. GREENWOOD,

                              :

           Petitioner,                         Case No. 3:05-cv-078

                              :           District Judge Thomas M. Rose
       -vs-                                 Chief Magistrate Judge Michael R. Merz

STATE OF OHIO,

                              :

           Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION AND OBJECTIONS; ORDER DENYING MOTION TO AMEND

---

This case is currently pending on the following motions:

1.      Petitioner's Motion to Amend and Stay All Proceedings (Doc. No. 17). Respondent has opposed this Motion (Doc. No. 20) and Petitioner has filed a Reply Memorandum (Doc. No. 23).

2.      Petitioner's Motion to Alter or Amend Judgment (Doc. No. 21) which the Court has said it will treat as a motion to reconsider Judge Rose's adoption of the Magistrate Judge's original Report and Recommendations. No memorandum in opposition has been filed, Respondent being apparently content to rest on its Answer.

3.      Petitioner's Objections to the original Report and Recommendations (Doc. No. 24). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner has notified this Court that the Ohio Supreme Court has denied his request to file

-1-

a delayed direct appeal from the judgment of the Court of Appeals affirming his conviction (Doc. No. 25).  Thus all state court proceedings are complete and the Petitioner's Motion for Stay is now moot.

## Reconsideration of the Initial Report and Recommendations

In his Motion to Alter or Amend, Petitioner argues that judgment should not be entered because he thought his time for objection would be extended by his motion for stay.  While that is not legally correct, he has now been given adequate time to object and has in fact filed Objections (Doc. No. 24).  In the Motion, Petitioner does not state any substantive grounds for reconsideration, but merely his procedural objections to the process the Court followed.

In his actual Objections, Petitioner attempts to completely change the focus of his case.  In Ground One of his Petition, he claimed his trial counsel was ineffective for failing to present his motion to suppress in a certain way, to wit, for failing to argue that it was unconstitutional to open the luggage bag in the trunk without a warrant, relying on *Arkansas v. Sanders*, 442 U.S. 753, 99 S. Ct. 2586; 61 L. Ed. 2d 235 (1979).  That is, his focus was on the failure of trial counsel to cite *Sanders*.  In the original Report and Recommendations, the Magistrate Judge pointed out that *Sanders* had been overruled by *California v. Acevedo*, 500 U.S. 565, 579-580 (1991).  Obviously, it could not be ineffective assistance of trial counsel to fail to cite a case which had been overruled and the Report recommended dismissal on that basis.

In his Objections, Petitioner offers no critique of the analysis in the original Report.  Instead, he says he is not even complaining about ineffective assistance of trial counsel, but only about

ineffective assistance of appellate counsel. And he does not claim appellate counsel was ineffective for failure to argue the *Arkansas v. Sanders* point. Instead, the entire focus of the Objections is on the merits of the Fourth Amendment claim, bolstered by a claim under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), that the police officer destroyed or sequestered evidence which would have supported the motion to suppress.

The Objections do not afford a sound basis for rejecting the original Report and Recommendations for the following reasons:

1.      A habeas petitioner cannot in effect amend a claim of ineffective assistance of trial counsel to ineffective assistance of appellate counsel by means of objections to a Report recommending dismissal of the trial counsel claim.

2.      The original analysis that *Arkansas v. Sanders* was no longer good law and its omission does not afford a basis for critiquing the performance of trial counsel stands unrebutted.

3.      The Magistrate Judge recommended denying Ground Two on the basis of *Stone v. Powell,* 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). The trial court record demonstrates that the motion to suppress was litigated very vigorously and Judge Tucker gave trial counsel considerable assistance in dealing with the resistance of the arresting officer. Petitioner cites a portion of the trial transcript where Judge Tucker indicates he has not read the motion to suppress transcript, but that does not demonstrated that the Petitioner did not get a full opportunity to litigate the Fourth Amendment claim: Judge Tucker had heard the evidence in the first place. The state courts gave the manifold Fourth Amendment claims full consideration and they should not be re-litigated in this Court.

**Motion to Amend**

In his Motion to Amend (Doc. No. 17), Petitioner seeks to add the following grounds for relief:

> 1) Appellant was deprived of his constitutional right to freedom from unreasonable search and seizure and was further deprived of Due Process through the trial court's failure to suppress evidence gained against him in violation of his constitutional rights.
>
> 2) Appellant was denied his constitutional right to Due Process and Fundamental fairness under the fifth and fourteenth amendments to the United States Constitution.
>
> 3) The weight and sufficiency of the evidence are insufficient to support Petitioner's conviction.
>
> 4) Petitioner was deprived of his constitutional right to an impartial jury.
>
> 5) Petitioner was Deprived of a fair trial through prosecutorial misconduct.
>
> 6) The Trial Court Erred in Providing an improper jury instruction.
>
> 7) Petitioner was denied his constitutionally guarnteed [sic] right to effective assistance of counsel.
>
> 8) Petitioner was deprived of his right to a fair trial through the Courts improper evidentiary ruling.

9) The trial Courts failed to conduct a proper sentencing hearing.

> 10) The cumulative effect of the errors occurring at trial deprived petitioner of a fair trial.

(Memorandum in Support, Doc. No. 17-3 at 4). These new claims are asserted in very conclusory form. For example, Petitioner does not state what he claims was prosecutorial misconduct, what jury instruction was improper, what was incorrect about the sentencing hearing, and so forth.

-4-

Petitioner has never tendered to this Court a proposed amended petition which sets forth the detail required in pleading a habeas corpus claim; all the Court has been given is what is set forth above.

Since adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), habeas corpus petitions have been governed by a one-year statute of limitations. Respondent has conceded that the original Petition in this case was timely filed on February 24, 2005. However, the Motion to Amend was not filed until almost a year later on February 3, 2006. Pendency of the habeas petition does not toll the statute of limitations. *Duncan v. Walker,* 533 U.S. 167, 121 S. Ct. 2120, 150 L.Ed.2d 251(2001). Therefore the statute of limitations ran at some date after the original Petition was filed and before the Motion to Amend was filed unless the amendments "relate back" to the original filing date. A claim in an amended petition does not relate back to the original date of filing under Fed. R. Civ. P. 15(c)(2) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Mayle v. Felix*, ___ U.S. ___, 125 S. Ct. 2562; 162 L. Ed. 2d 582 (2005). The Supreme Court held that the relation back doctrine will only apply to newly-added claims which share a "common core of operative facts" with claims which have been timely made. It interpreted the "conduct, occurrence, or transaction" language of Rule 15(c)(2) to refer to the facts giving rising to a particular habeas corpus claim, rather than to the trial and eventual conviction which are being attacked in the habeas proceeding. It expressly held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."

On the basis of what he has set forth in his Motion to Amend, none of the claims made relate back. Eight of the new claims obviously have no relationship to the original claims. New claims

one and seven (denial of Fourth Amendment rights and denial of effective assistance of counsel) are facially related to the two original Grounds for Relief, but Petitioner had failed to set forth any facts supporting those two claims, so the Court cannot tell if they are sufficiently related to the original claims to relate back.  Petitioner seeks to rely on post-filing equitable tolling, but has not shown that entitlement: all of the claims he seeks to make now were available to him when he filed his original Petition, whatever movement he may have made to different jails or prisons since the original Petition.

Accordingly, the Motion to Amend should be denied because the amendment would be futile – all of the new claims are barred by the statute of limitations.

## Conclusion

The Motion to Amend is denied.  The Court should not amend its original Decision adopting the original Report and Recommendations, but should instead enter judgment dismissing the Petition with prejudice.  Because reasonable jurists would not disagree with these conclusions, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

April 21, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with

this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).