# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEITH D. GREENWOOD,

      :

    Petitioner,                                Case No. 3:05-cv-078

      :                   District Judge Thomas M. Rose

   -vs-                                          Chief Magistrate Judge Michael R. Merz

STATE OF OHIO,

      :

    Respondent.

---

**REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY AND APPEAL *IN FORMA PAUPERIS***

---

This case is before the Court on Petitioner's Notice of Appeal (Doc. No. 36), tendered to the United States Court of Appeals for the Sixth Circuit as a Request for Certificate of Appealability and docketed as a notice of appeal in this Court at the direction of the Sixth Circuit (See 4/10/2007, letter of Patricia Elder, Senior Case Manager).

Because this is an appeal from a final order in a habeas corpus proceeding, Petitioner requires a certificate of appealability to proceed. 28 U.S.C. § 2253(c). The case also requires a ruling on Petitioner's implicit request to proceed *in forma pauperis*, since he has not tendered the required filing fee.

**Procedural History**

The Petition herein was filed February 24, 2005 (Doc. No. 1). After Respondent had

answered (Doc. No. 6) and Petitioner had replied (Doc. No. 13), the Magistrate Judge filed a Report and Recommendations which recommended that the First Ground for Relief be denied on the merits and alternatively as procedurally defaulted and that the Second Ground for Relief be dismissed under *Stone v. Powell,* 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976)(Doc. No. 14). On February 14, 2006, District Judge Rose adopted the Report and Recommendations and denied leave to appeal on the merits *in forma pauperis* and any possible certificate of appealability on the merits (Doc. No. 19).

Petitioner then filed a Motion to Alter or Amend the Judgment (Doc. No. 21). On April 21, 2006, the Magistrate Judge filed a Supplemental Report and Recommendations responding to Petitioner's Objection to the original Report and recommending denying leave to amend to add ten new claims (Doc. No. 26). Petitioner did not timely object under Fed. R. Civ. P. 72 and Judge Rose adopted the Supplemental Report and Recommendations (Doc. No. 27). On June 21, 2006, Petitioner moved to reopen the judgment (Doc. No. 32). The Magistrate Judge recommended denial of that Motion in a Report and Recommendations filed June 22, 2006 (Doc. No. 33). Petitioner objected (Doc. No. 34), but Judge Rose adopted the Report over those Objections (Doc. No. 35). Petitioner's appeal is taken from that most recent judgment.

**Analysis**

The basis of the Motion for Relief from Judgment on which Petitioner seeks to appeal was that he had newly-discovered evidence. The Magistrate Judge found that the Motion did not rely on new evidence, but in fact on evidence which could have been discovered before trial. The

Magistrate Judge further concluded that Petitioner was attempting to bring a new habeas claim by way of an Fed. R. Civ. P. 60(b) motion, which made the Motion the equivalent of a successive petition which could not be brought without the prior approval of the Court of Appeals (Report and Recommendations, Doc. No. 34, at 2-3).

In his Request for Certificate of Appealability, Petitioner does not take issue with any of this analysis. Instead, he now claims a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and that the State used perjured testimony at trial.

While the Supreme Court has not spoken to the sort of showing needed to obtain a certificate of appealability from denial of a motion for relief from judgment, its decision in *Slack v. McDaniel,* 120 S. Ct. 1595 (2000), is applicable by analogy. That is, Petitioner would be required to show that reasonable jurists could disagree with this Court's procedural ruling in denying the Rule 60(b) motion. Petitioner has made no such showing or even an argument to that effect. That is, he has not even attempted to show that the new evidence could not have been obtained prior to trial, nor has he argued why this is not a "new" claim which would have to be presented in the first instance to the Court of Appeals.

It is accordingly recommended that Petitioner's Request for Certificate of Appealability be denied and that he be required to pay the appellate filing fee, since the appeal is objectively frivolous.

April 16, 2007.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).